Not for Publication

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

**GIBSON SANTA,**

               **Plaintiff,**

           v.

**MICHAEL RUSSO,** *et al.*,

               **Defendants.**

**Civil Action No.: 22-0546 (ES) (ESK)**

**OPINION**

**SALAS, DISTRICT JUDGE**

      Plaintiff Gibson Santa, an inmate at East Jersey State Prison in Rahway, New Jersey, is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* D.E. No. 1 ("Complaint" or "Compl.")). The Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) to determine whether the Court should dismiss it as frivolous or malicious, for failure to state a claim upon which the Court may grant relief, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons below, the Court dismisses the Complaint in its entirety.

**I.    BACKGROUND**[1]

      This case arises from Plaintiff's bouts with COVID-19 while he was a pretrial detainee at the Bergen County Jail ("BCJ"). (*See* Compl. at 9–13).[2] Plaintiff vaguely alleges that the BCJ's failure to follow certain protocols and inadequate conditions of confinement caused him to contract

---

[1]    The Court construes the factual allegations of the Complaint as true for the purpose of this Opinion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[2]    Pin cites to the Complaint refer to the pagination automatically generated by the Court's electronic filing system.

the disease on several occasions. (*See id.* at 9–10). For example, he alleges that officers that had contracted COVID-19 would return to work after three days of not showing symptoms even though they were still testing positive. (*See id.* at 9). Plaintiff also alleges that BCJ sent new inmates into the general population after being quarantined for less than ten days and, in some cases, less than two days. (*See id.*). Moreover, Plaintiff alleges that inmates are "not being retested after returning back from courts, ADTC testing, or outside [h]ospital visits," and "[o]fficers are not being tested/retested at [the] start of their shift." (*See id.*). On one occasion in January 2022, he contends that the whole unit, including the general population and those in quarantine, were mixed together, which resulted in many inmates and detainees contracting COVID-19, including himself. (*Id.* at 10).

Plaintiff also alleges that medical staff at the BCJ provided him inadequate medical care. (*Id.* at 11). According to Plaintiff, on September 25, 2021, medical staff started him on a COVID-19 treatment plan called a "Cold setup" or "C-pack," which consists of five pills to be taken each day for at least five days. (*Id.*). However, on September 26, 2021, Plaintiff received only two of the five pills, and, on September 27, 2021, Plaintiff received zero pills. (*Id.*).

Thereafter, on October 1, 2021, officials sent Plaintiff to the New Bridge Medical Center ("NBMC") in Paramus, New Jersey because his oxygen level was low. (*Id.*). He received "oxygen treatment," and he returned to the BCJ later that day. (*Id.*). A doctor and nurse from NBMC sent over an oxygen treatment plan to the medical staff at BCJ for Plaintiff, but he never received it. (*Id.*).

As a result, on October 2, 2021, Plaintiff could not stand, move his limbs, or get up from bed. (*Id.*). Officials rushed Plaintiff to the Hackensack Meridian Center ("HMC") in Hackensack, New Jersey. (*Id.*). Plaintiff lost consciousness, and staff placed him on a respirator for two days.

(*Id.*). On October 4, 2021, Plaintiff regained consciousness, and staff at HMC treated him for COVID-19. (*Id.*). According to Plaintiff, the doctor at the HMC told him that if he had remained at BCJ for one more day without oxygen treatment, he would have died. (*Id.*).

Plaintiff initiated this action on February 3, 2022. (*See id.*). The Complaint names as defendants the BCJ, Warden Michael Russo, and "head doctor" Dr. Helmsley (collectively, "Defendants"). (*Id.* at 1).

## II.   STANDARDS OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) or 1915A(a) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. *See Phillips*, 515 F.3d at 233.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff

3

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.   DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  (*See* Compl.).  To state a claim for relief under Section 1983, a plaintiff must allege: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federally secured right.  *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1983).  The Court liberally construes the Complaint as asserting Fourteenth Amendment conditions of confinement and inadequate medical care claims against Defendants.  The Court dismisses all of Plaintiff's claims against each defendant for the reasons below.

### A.   Claims Against the BCJ

To be liable under Section 1983, a defendant must be a "person" within the meaning of the statute.  *See id.*  Although a county constitutes a "person" under Section 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), a county jail does not, *see Hutton v. Dep't of Homeland Sec.*, No. 17-13393, 2018 WL 734666, at *2 (D.N.J. Feb. 5, 2018); *see also Barrett v. Essex Cnty. Corr. Facility*, No. 15-0595, 2015 WL 1808523, at *3 (D.N.J. Apr. 16, 2015) ("A county jail, such as the Essex County facility, is not a person subject to suit under § 1983.").  As such, the Court dismisses Plaintiff's claims against the BCJ *with prejudice* for failure to state a claim upon which relief may be granted.  However, dismissal is *without prejudice* to Plaintiff reasserting his claim against a proper defendant.

**B.     Claims Against Defendants Russo and Helmsley**

A defendant in a civil rights action must have personal involvement in the alleged wrongdoing. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Section 1983 liability, therefore, requires a "showing of direct responsibility" by the named defendant and eschews any "theory of liability" in which defendants played "no affirmative part in depriving any[one] . . . of any constitutional rights . . . ." *Rizzo v. Goode*, 423 U.S. 362, 376–77 (1976). In other words, to establish Section 1983 liability, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, the Complaint fails to plead sufficient facts for the Court to infer reasonably that Defendants Russo and Helmsley were personally involved in the alleged violations of Plaintiff's rights. For example, the Complaint does not allege or plead sufficient facts to show that Defendant Russo was directly involved in any of the incidents Plaintiff cites, or that Dr. Helmsley was directly involved in providing medical care to Plaintiff. Accordingly, the Court dismisses the claims against Defendants Russo and Helmsley *without prejudice*.[3]

---

[3] Even if the Court construed the Complaint as asserting supervisor liability claims against Defendants Russo and Helmsley, they would still fail. Notwithstanding Section 1983's personal involvement requirement, supervisors may be held liable for the unlawful conduct of subordinates in limited circumstances. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316–19 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015). A plaintiff may establish supervisory liability under Section 1983 by showing: (1) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct; or (2) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation. *See id.*; *see also Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015).

With respect to the first type of claim, "[a]llegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. To sufficiently allege knowledge and acquiescence, a plaintiff must provide facts suggesting that the defendant supervisor "had contemporaneous, personal knowledge of [the alleged violation(s)] and acquiesced in it." *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Here, the Complaint fails to allege or plead sufficient facts to state a claim premised on the participation, direction, or knowledge and acquiescence of Defendants Russo and Helmsley. *See Barkes*, 766 F.3d at 316–19. As noted above, the Complaint fails to allege or plead sufficient facts showing either Defendant Russo or Helmsley's participation in violating Plaintiff's rights. The Complaint is also completely devoid of allegations or facts showing

## IV.     CONCLUSION

For the reasons stated above, the Court dismisses the claims against the BCJ *with prejudice*; however, dismissal is *without prejudice* to Plaintiff reasserting his claim against a proper defendant.  Further, the Court dismisses Plaintiff's claims against Russo and Helmsley *without prejudice*.  Plaintiff may file an amended complaint within 30 days.  Plaintiff is on notice that failure to timely file an amended complaint that cures the deficiencies outlined herein may result in dismissal *with prejudice*.  An appropriate order follows.

Dated: May 26, 2023                             */s/ Esther Salas*
                                                **Hon. Esther Salas, U.S.D.J.**

---

that either Defendant Russo or Helmsley directed others to violate Plaintiff's rights or knew that others had violated Plaintiff's rights and acquiesced to it.  *See id.*

With respect to the second type of claim, supervisor liability based on a policy or practice, a plaintiff must identify the expected policy or practice that the supervisor failed to employ.  *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989).  Specifically, a plaintiff must demonstrate that: (i) "the existing custom and practice" in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (ii) the defendant-official was aware that the custom and practice created an unreasonable risk; (iii) the defendant was indifferent to that risk; and (iv) the constitutional injury was caused by the failure to implement the appropriate supervisory practice or procedure.  *Id.*  "[P]erhaps the easiest way [ ] a plaintiff can make out a supervisor liability claim is by showing that 'the supervisory official failed to respond appropriately in the face of an awareness of a pattern of such injuries.'"  *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001).  Here, the Complaint fails to allege or plead sufficient facts to state a claim premised on a policy or practice.  Although the Complaint vaguely identifies COVID-19 protocols, it fails to plausibly allege that those protocols created an unreasonable risk of a constitutional violation and that Defendants Russo and Helmsley were aware of and indifferent to that risk.  *See, e.g.*, *Sample*, 885 F.2d at 1118.