## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GIBSON SANTA, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 22-00546 (JKS) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| MICHAEL RUSSO, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**SEMPER, District Judge**

Before the Court is *pro se* plaintiff Gibson Santana's ("Plaintiff") amended civil rights complaint ("Amended Complaint"), filed pursuant to 42 U.S.C. § 1983. (ECF No. 9).  The Court previously granted Plaintiff in forma pauperis ("IFP") status. (ECF No. 2). For the reasons below, the Amended Complaint is dismissed without prejudice.

## I.  BACKGROUND

On or about February 3, 2022, Plaintiff Gibson Santa, an inmate then confined at the Bergen County Jail ("BCJ"), in Hackensack, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).

The Honorable Esther Salas screened his initial complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] Judge Salas dismissed Plaintiff's complaint against Bergen County Jail with prejudice for failure to state a claim for relief. (*See generally* ECF Nos. 7 & 8). However, Plaintiff's claims against the remaining defendants – Michael Russo and Dr. Hemlsey – were dismissed without prejudice. Judge Salas gave Plaintiff 30 days to amend his complaint (*See id.*)

---

[1] The case was transferred to the undersigned on December 29, 2023. (ECF No. 10).

## II. THE AMENDED PETITION

In June of 2023, Plaintiff filed this instant amended complaint (ECF No. 9), in which he sues (1) Michael Russo, the warden at BCJ; (2) Dr. Helmsley, the medical doctor at New Bridge Medical Center; (3) Bergen County Jail; (4) New Bridge Medical Center; (5) Hackensack University Medical Center; (6) the New Jersey Attorney Generals; and (7) John Does 1-10. Plaintiff sues each defendant in their individual and official capacity (*See* ECF. No. 9).[2]

Plaintiff alleges that, in September of 2021 while he was a pretrial detainee incarcerated at BCJ, that the prison failed to follow certain protocols and had inadequate conditions of confinement which caused Plaintiff to contract COVID-19 (ECF No. 9 at page 5). For example, he alleges that officers that had contracted COVID-19 would return to work after three days of not showing symptoms even though they were still testing positive (*See* ECF No. 1 at page at 9). Plaintiff also alleges that BCJ sent new inmates into the general population after being quarantined for less than ten days and, in some cases, less than two days (*See id*.). Moreover, Plaintiff alleges that inmates are "not being retested after returning back from courts, ADTC testing, or outside [h]ospital visits," and "[o]fficers are not being tested/retested at [the] start of their shift." (*See id*.). On one occasion in January 2022, he contends that the whole unit, including the general population and those in quarantine, were mixed together, which resulted in many inmates and detainees contracting COVID-19, including himself. (*Id*. at 10).

Plaintiff alleges that he alerted the defendants on September 25, 2021, that he was experiencing COVID-19 symptoms, and that he required medical treatment (ECF No. 9 at page 5). Plaintiff claims that the defendants did not permit or arranged for Plaintiff to be medically

---

[2] Plaintiff indicates in his Amended Complaint (ECF No. 9 at page 5), that he is incorporating the facts from his original complaint (ECF No. 1 at page 9-13). As such, this Court will consider the facts asserted in his initial complaint and the Amended Complaint.

evaluated until October 1, 2021 (ECF No. 9 at page 6).[3] Plaintiff alleges that he was then taken to New Bridge Medical Center where he was connected to an oxygen machine and then was sent back to BCJ to continue his oxygen treatment (*Id.*). Plaintiff claims that the oxygen treatment that was prescribed to him at New Bridge Medical Center was not provided to him at BCJ, despite him repeatedly requesting the prescribed medication (*Id.*). This, according to Plaintiff, caused his medical condition to worsen and he was taken to Hackensack Meridian Hospital on October 2, 2021 (*Id.*). Once there, Plaintiff was unconscious until October 4, 2021, and, when he regained consciousness, he was given various COVID-19 medications (*Id.*). On October 11, 2021, Plaintiff was released from Hackensack Meridian Hospital and returned to BCJ (*Id.* at page 7).

The Court now screens Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismisses any claim that is determined to be frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

## III. STANDARD OF REVIEW

### A. Screening Standard

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 [3d Cir. 2000]).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the

---

[3] In his original complaint, however, Plaintiff alleged that on September 25, 2021, medical staff at BCJ started him on a COVID-19 treatment plan called a "Cold setup" or "C-pack," which consisted of five pills to be taken each day for at least five days (ECF No. 1 at page 11). However, on September 26, 2021, Plaintiff claimed that he received only two of the five pills, and, on September 27, 2021, Plaintiff received zero pills (*Id.*).

facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Section 1983 Claims**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted).

**IV. DISCUSSION**

The Court liberally construes the amended complaint as asserting a Fourteenth Amendment conditions of confinement and inadequate medical care claims against Defendants (ECF No. 9 at page 9-13). For the reasons stated below, the Court dismisses all of Plaintiff's claims against each of the defendants.[4]

---

[4] The Court notes that, although Plaintiff names Bergen County Jail as a defendant in the caption of his amended complaint, the claims against Bergen County Jail were dismissed with prejudice by Judge Salas' May 26, 2023, Opinion and Order (*See* ECF. Nos. 7 and 8).

**A.  Claims Against Defendants Russo and Helmsley**

A defendant in a civil rights action must have personal involvement in the alleged wrongdoing. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Section 1983 liability, therefore, requires a "showing of direct responsibility" by the named defendant and eschews any "theory of liability" in which defendants played "no affirmative part in depriving any[one] . . . of any constitutional rights. . . ." *Rizzo v. Goode*, 423 U.S. 362, 376–77 (1976). In other words, to establish Section 1983 liability, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, as with his original complaint (ECF No. 1), Plaintiff's amended complaint fails to plead sufficient facts for the Court to infer reasonably that Defendants Russo and Helmsley were personally involved in the alleged violations of Plaintiff's rights. For example, the amended complaint does not allege or plead sufficient facts to show that Defendant Russo was directly involved in any of the incidents Plaintiff cites. Indeed, the amended complaint does not identify how Russo's policies, customs, or actions caused Plaintiff injuries. Likewise, the amended complaint does not allege sufficient facts that Dr. Helmsley was directly involved in providing inadequate medical care to Plaintiff. To the contrary, Plaintiff appears to allege that BCJ provided him with inadequate medical care, but that Dr. Helmsley is employed at the New Bridge Medical Center. Thus, Plaintiff fails to allege or plead sufficient facts to show that Defendant Helmsley was directly involved. Accordingly, the Court dismisses the claims against Defendants Russo and Helmsley without prejudice.[5]

---

[5] To the extent Plaintiff is asserting supervisor liability against Defendants Russo and Helmsley, that claim would still fail for the reasons articulated in the Court's first screening opinion (*See* ECF No. 7 at page 5-6, n.3). Accordingly, the Court's analysis and dismissal of Plaintiff's supervisor liability claim is incorporated here, and, for those same reasons, this Court denies Plaintiff's claim.

**B. Claims Against New Bridge Medical Center and Hackensack University Medical Center**

To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir.1994); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir.2011). A potential § 1983 claim against a hospital that provides healthcare services to inmates for the state would fail because the entities that provide health care services "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability." *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583-84 (*citing Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Thus, to state a claim for relief against New Bridge Medical Center or Hackensack University Medical Center – the entities here providing medical care to inmates – Plaintiff must provide facts showing that there is a relevant policy or custom, and that the policy or custom caused the constitutional violation he alleges. *See id.* (*citing Bd. of County Comm'rs of Bryan County*, *Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)).

To proceed on a *Monell* theory against the hospitals, a plaintiff must identify a specific policy or custom of the entity that caused the constitutional violation at issue and must typically allege a pattern of similar past conduct to show that the entity was on notice that the policy or custom caused the alleged violation. *See e.g.*, *Schlaybach v. Berks Heim Nursing & Rehabilitation*, 839 F. App'x. 759, 760 (3d Cir. 2021) (affirming dismissal of *Monell* claim where Plaintiff did not sufficiently allege that County hospital had a history of providing inadequate care to nursing home residents after they fall or was otherwise indifferent to their post-fall medical needs and failed to allege a pattern of prior incidents evidencing deliberate indifference).

Here, Plaintiff's amended complaint contains no well-pleaded factual allegations identifying or describing the policy or custom at issue or explaining how this policy or custom encouraged or permitted medical staff to engage in the conduct Plaintiff complains of. Nor does the amended complaint set forth facts showing that a policy or custom implemented by New Bridge Medical Center or Hackensack University Medical Center prevented Plaintiff from obtaining adequate medical care.

In sum, because Plaintiff has not provided sufficient facts to suggest that a policy or custom of New Bridge Medical Center or Hackensack University Medical Center caused the constitutional violation(s) at issue, the amended complaint fails to state a claim for relief against these two defendants. Thus, the Court dismisses the amended complaint against these two defendants without prejudice.

### C.  Claims Against the New Jersey Attorney Generals

A defendant in a civil rights action must have personal involvement in the alleged wrongdoing. *Dellarciprete*, at 1207 Section 1983 liability, therefore, requires a "showing of direct responsibility" by the named defendant and eschews any "theory of liability" in which defendants played "no affirmative part in depriving any[one] . . . of any constitutional rights. . . ." *Goode*, at 376–77. In other words, to establish Section 1983 liability, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, while they are named as defendants in the caption, the amended complaint is devoid of any allegations against New Jersey Attorney Generals. Indeed, it is entirely unclear how the Attorney General was involved in Plaintiff's medical care. Accordingly, the Court dismisses without prejudice the claims against the Attorney General for lack of personal involvement.

**V. CONCLUSION**

In conclusion, this Court will dismiss the amended complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court shall give Plaintiff thirty days to file a second amended complaint if he so chooses to cure the deficiencies discussed above.

An appropriate order follows.


Dated: February  24th  , 2025

_____
Hon. Jamel K. Semper,
United States District Judge